# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHANIE R. HICKSON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:20-cv-01439 |
| RECEIVABLES MANAGEMENT PARTNERS, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Stephanie R. Hickson ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Receivables Management Partners, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and is headquartered in the Southern District of Indiana, and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a debt collection agency with its headquarters located at 8085 Knue Road, Indianapolis, Indiana 46250. Defendant's primary business purpose is collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. In 2019, Plaintiff received medical services, incurring a balance of approximately $498.00 ("subject debt").

8. Due to a financial hardship, Plaintiff was unable to sustain timely payments and maintain a minimum standard of living.

9. Defendant acquired the right to collect on the subject debt after Plaintiff was in default.

10. On March 4, 2020, Plaintiff began receiving collection phone calls to her work phone number (513) XXX-4360 from Defendant.

11. The call was received as a pre-recorded message requesting Plaintiff to call Defendant back.

12. On March 5, 2020, Plaintiff received another pre-recorded message from Defendant to her work phone number.

13. Immediately after receiving the second phone call, Plaintiff called Defendant, said it is illegal to be calling her at work and demanded Defendant to immediately cease calling.

14. Defendant's representative responded stating that calling Plaintiff at her work place is not illegal. Plaintiff reiterated that either way, she did not want to be called at her work.

15. During this phone call, Plaintiff inquired as to why she has not received any letters regarding the subject debt and requested that Defendant send her a debt validation.

16. On March 6, 2020, despite Plaintiff's requests to cease calling, Defendant placed another pre-recorded call to Plaintiff's work phone number.

17. The phone number that Defendant most often uses to contact Plaintiff is (844) 232-0988, but upon information and belief, it may have used multiple other phone numbers to place phone calls to Plaintiff's work phone number without her consent.

## DAMAGES

18. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

19. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

20. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

23. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

24. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

25. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

27. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

28. Defendant violated 15 U.S.C. §§1692c(a)(1), c(a)(3), d, d(5), and g through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

    a. **Violations of FDCPA § 1692c**

29. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's work phone after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop calling her work phone, Defendant's representative told her it wasn't illegal continued its phone calls with the specific goal of abusing Plaintiff into making a payment on the subject debt.

30. Defendant violated §1692c(a)(3) when it called Plaintiff's work phone number multiple times, without Plaintiff's consent. Plaintiff advised Defendant that she did not want to be contacted at work right after Defendant began placing calls. Defendant disobeyed Plaintiff's wishes and

continued placing pre-recorded calls to Plaintiff's work phone number despite her request that it cease calling her.

31. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

    **b.  Violations of FDCPA § 1692d**

32. Defendant violated §1692d by engaging in abusive and harassing conduct by relentlessly calling Plaintiff's work phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing calls after Plaintiff demanded Defendant stop calling her.

33. Defendant violated §1692d(5) by causing Plaintiff's work phone to ring continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were not welcome.

34. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

    **c.  Violations of FDCPA § 1692g**

35. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant reported on Plaintiff's credit as its initial communication and failed to adequately send Plaintiff her right to dispute the validity of the subject debt within five days of the initial communication.

36. As an experienced debt collector, Defendant knew or should have known the ramifications of not sending a validation notice within 5 days of the initial communication pursuant to §1692g.

37. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff STEPHANIE R. HICKSON respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: May 19, 2020                                    Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
/s/ Alexander J. Taylor
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com
ataylor@sulaimanlaw.com